In the Matter of DAVID ENGLER (Also Known as DAVID E. ENGLER), an Attorney, Respondent.

First Department, November 15, 1935.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Sidney C. Seltzer* of counsel, for the respondent.

MARTIN, P. J. This is a motion for disciplinary action by this court upon the report of a referee finding the respondent guilty of professional misconduct.

The respondent, who was admitted to practice on March 12, 1926, at a term of the Appellate Division of the Supreme Court, Second Department, takes no issue with the findings of the referee upon the facts, but urges that certain mitigating circumstances should be considered by the court.

In the course of an examination in supplementary proceedings on behalf of one Edna Cohen, judgment creditor, against the respondent, as judgment debtor, in the City Court of the City of New York, the respondent, on August 29, 1933, while under oath, made among others the following answers to the following questions:

" Q. Did you ever have a business and/or savings account?   A. Yes, I had a checking account.

" Q. Give the name and address of such banks.   A. Manufacturers' Trust Co., 144th Street & Broadway.

" Q. When did you make your last deposit, and what was the amount?   A. In the latter part of 1932.

" Q. If there are any suits, actions, or legal proceedings of any kind by or against you, pending and undetermined, state the full particulars as to each?   A. Edna Cohen is suing me on a note.

" Q. What money have you received within the last sixty (60) days, and from what source?   A. I haven't deposited any.

" Q. Have you received any checks within the last sixty (60) days? A. No.

" Q. Did you ever bring any action in your own name to recover for professional services rendered?   A. Yes, I did a good many years ago, but since 1930 I have not commenced any action in my name.

" Q. Are you a party defendant in any action instituted after 1930 beside the one instituted by Edna Cohen?   A. No.

" Q. Have you made any assignments of any of your property — real, personal or contingent in the last 12 months?   A. No."

The answers of the respondent to the foregoing questions were false in that the respondent had received and deposited at least one check within the preceding sixty days.   He also had been both a party plaintiff and defendant in actions other than that brought against him by Edna Cohen and which were pending at the time of his examination.   Respondent's answers to the foregoing questions were further misleading in that they failed to disclose that he had at least one bank account in addition to the one with the Manufacturers' Trust Company in which he had made a deposit within the preceding sixty days.

The respondent admits the falsity of the aforesaid testimony, and submits in extenuation that he and his brother-in-law, Heller, were engaged in acrimonious litigation and that it was at the instigation

of Heller that the supplementary proceeding in question had been instituted; furthermore, that said proceeding was in violation of an agreement with the former attorney of Miss Cohen; that no further examinations of respondent were to be had in supplementary proceedings. The respondent submits that he was so incensed at the conduct of his brother-in-law, and being in a highly nervous state of mind and ill-health, he decided it would be " good strategy " to give untruthful answers as a tactical move against Heller, urging, further, that the judgment creditor has been in no way prejudiced thereby, as the examination was not really for her benefit.

It appears to be the fact that there was an oral agreement between respondent and the attorney of the aforesaid judgment creditor, Edna Cohen, that respondent would be subjected to no further supplementary proceeding pending the carrying out of a written stipulation providing for the application of certain fees to which respondent was entitled, towards payment of the judgment.

It appears, also, that authority to examine respondent further in supplementary proceedings was obtained by or on behalf of respondent's brother-in-law, Heller, in order that the latter might obtain evidence for use in an action by Heller against the respondent. Whether or not respondent knew at the time of his examination that it had been procured by Heller, it is difficult to determine from the record. Respondent testified he ascertained said fact when he inquired of the attorney for the judgment creditor why he was being examined in violation of the agreement. In this he is corroborated by the testimony of said attorney. Respondent also testified that he received like information upon similar inquiry of the judgment creditor. This the latter denied specifically, and testified the respondent did not communicate with her until after charges had been made against him in the Bar Association.

It seems improbable that respondent would have concealed the fact of the Heller litigation had he known the examination was being conducted on behalf of Heller himself. Assuming, however, the respondent did have such knowledge, and, therefore, that the excuse submitted in mitigation is not a pure fabrication, we concur with the conclusion reached by the learned referee that the circumstances but slightly mitigate the gravity of the offense above set forth.

The respondent should be suspended for one year with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

MERRELL, McAVOY, O'MALLEY and GLENNON, JJ., concur.

Respondent suspended for one year.